WILLIAM JACKSON and THOMAS JACKSON *vs.* ANDREW
MILLER.

1. If a married woman has an interest in the business of a partnership firm, in a suit brought by the firm, her husband is not a competent witness for the plaintiffs.

2. When the court are equally divided in opinion on the question of admitting evidence, the evidence should be rejected: all evidence should be admitted by an affirmative order of the court.

This was an action of assumpsit, instituted by Andrew Miller against William Jackson and Thomas Jackson in the Court of Common Pleas of the county of Warren, and was tried before a jury at September term, 1854, and a verdict and judgment rendered for the plaintiff.

The plaintiff offered as a witness, David W. Kleinhans, who, at request of defendant's counsel, was sworn on his *voir dire* touching his interest in the cause.

He testified that he was employed in plaintiffs' store, at a salary ; that he had no interest in the business, but that $2000, invested in the store, had about two years before been transferred to his wife ; and whether she still had the same interest in the store or not, or what she had done with it, he did not know. The testimony is fully stated in the opinion of the court.

After the examination of the witness touching his interest, the plaintiffs' counsel asked that he be sworn in chief, to which the defendant's counsel objected, on the ground that the witness was interested in the suit, and that the husband cannot testify in any cause in which his wife is interested.

Upon the question of admitting the testimony, the court were equally divided in opinion ; but the witness was admitted and sworn, and gave his testimony, to which defendant's counsel excepted, and a bill of exceptions was allowed and sealed.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Shipman*, for plaintiffs in error, and *Nevius*, for defendant.

OGDEN, J. Andrew Miller instituted an action of assumpsit against William Jackson and Thomas Jackson, in the Court of Common Pleas of the county of Warren, which was tried before a jury in the term of September last, and a verdict and judgment rendered for the plaintiff.

In support of his action, the plaintiff called as a witness one David W. Kleinhans, who, at the request of the counsel for the defendants, was sworn on his *voir dire* touching his interest in the cause. In that examination, he stated that he was not a partner in the plaintiff's store, had not a cent of interest in it, and that no money was invested in the store to his use; that he did not know that two thousand dollars were invested in the store, which he or his family got the benefit of. He further stated, that he has a wife, the daughter of one Peter Winter, and that they have children; that about six years ago the said Peter Winter invested two thousand dollars in the store, and employed him to assist, at a salary; that subsequently Mr. Miller, the plaintiff, went in the store with him, the firm then being Winter and Miller; that, about two years ago, Mr. Winter transferred that two thousand dollars interest in the store to his, the witness' wife, and the store has since been carried on in the name of Miller, the plaintiff, but whether or no she has the same interest in the store now, or what she has done with it, he does not know; that he gets the same salary now as he did before, but does not consider his interest affected any by this suit.

The counsel for the defendants below thereupon objected that the witness was incompetent to testify in chief on account of interest. The court decided that he should be sworn. To this opinion the counsel for the defendants excepted, and a bill of exceptions was accordingly allowed and sealed by the court.

The single question raised is, whether, upon the facts stated by the witness, he was a competent witness for the plaintiff below.

An interest to exclude must be a present, certain, and vested one in the event of the suit, and not remote or contingent.

The witness stated positively that he had no interest in the store or business, and that he did not consider his interests could be affected by the suit then pending. If the examination had proceeded no further, the ruling of the court would have been correct; but the witness stated facts which showed that his wife, two years before, had received from her father a share which he had in the business of the store, valued at two thousand dollars, and that thereafter the business was carried on in the same manner it had been before, but in the name of Miller, he acting as assistant. The wife of the witness was shown by him, affirmatively, to have become an owner in the establishment, and there was no proof to show that she had parted with her interest.

As the facts appeared before the court, she was clearly directly interested as a party in the suit, though not on the record; and the witness had a certain present interest therein. It is true that he negatived any interest in himself; but it became the duty of the court below to instruct him as to his legal relation to the matter in dispute. His opinion, ignorantly expressed, cannot prevail against an interest established from facts proved by himself.

But it was argued that the wife acquired her interest in the establishment after the passage of an act of the legislature entitled, "An act for the better securing the property of married women," approved March 25th, 1852. Giving to that act its fullest force, and admitting (which I am not prepared to do) that it can affect rights acquired by a husband before its passage, yet upon the principles of the common law the witness was incompetent. The husband and wife are considered in law as one party : neither is admissible as a witness in a cause in which the other is a party.

This exclusion rests upon two grounds—first, ·on the identity of their legal rights and interests; secondly, on the great principle of public policy, that the happiness of social life and the strict confidence subsisting between persons in the relation of husband and wife should be sacredly cherished in its most unlimited extent. 1 *Greenl. Ev.* 334.

If we should give to the legislative enactment the effect sought by the plaintiff, a wife might with her separate estate establish and conduct mercantile business, sell goods to her husband on credit, and upon his failing to pay, she might prosecute him in her own name for the debt, and thus the sanctities of the marriage relation be broken down and destroyed.

Although the store was conducted in the name of Miller, yet the interest of Mrs. Kleinhans was so indirectly involved in the suit, that she would have been incompetent to testify, if offered as a witness; and hence, upon the principle of exclusion, that neither shall testify where the interest of the other is concerned, Mr. Kleinhans was also incompetent.

It further appears in the bill of exceptions that the witness was admitted when the Court of Common Pleas were equally divided in opinion. In this the court erred. All testimony is received by an affirmative order of the court. When a piece of evidence offered is objected to, the party producing it must satisfy the court that it is competent and relevant, and the objection must be overruled by a majority of the members of the bench. If the court be equally divided, the testimony should not be received. As the Court of Common Pleas stood upon the question, their ruling should have been against the admissibility of the witness. If the decision of that court had been correct upon the merits of the question, this court would not have felt constrained to interfere with the judgment on the ground last considered.

The bill of exceptions was well taken, and the judgment of the Court of Common Pleas must be reversed.

THE CHIEF JUSTICE and Justice POTTS concurred.

CITED in *Handlong* v. *Barnes*, 1 *Vr.* 70; *Freeman* v. *Headley*, 4 *Vr.* 541.